(39 Misc. Rep. 154.)

### GREEN v. TUCHNER et al.

(Supreme Court, Special Term, New York County. October, 1902.)

1. INJUNCTION—SALE ON EXECUTION—RIGHTS OF PARTNERS.

The evidence showed that a firm was indebted for money loaned; that the creditor obtained judgment against the firm without service on one of the partners; that, when the judgment creditor attempted to sell on execution, such partner obtained leave to defend the action, and agreed to the sale, provided the proceeds were paid into court to abide the result of the action; that the judgment creditor purchased the stock at the sale, and employed the other partner to continue the business in the creditor's name. *Held,* that the court would not restrain such creditor and the partner employed by him from further carrying on the business.

Action by Samuel Green against Nathan Tuchner and others. Motion to continue injunction denied.

David W. Rockmore, for plaintiff.
J. Leon Brandmarker, for defendant Weitzman.

HALL, J. The plaintiff seeks to have continued pendente lite a preliminary injunction granted in this action to restrain the defendants from interfering with or carrying on a business lately belonging to the firm of Green & Tuchner, composed of the plaintiff and the defendant Tuchner, and he also asks for a receiver of said business. It appears by the papers that plaintiff and defendant Tuchner entered into an agreement of partnership in April last to carry on a brass-finishing business. The plaintiff had previously been the owner of the business, and the assets thereof were valued by him at $700. The defendant Tuchner paid him $350 in cash for a half interest in the business, and they each became equal partners. The business of manufacturing was carried on down to about August 1st, but very few, if any, goods were sold, although the expenses of the business went on, and the partners drew $10 per week each out of the assets for living expenses. Some disagreement arose between the partners early in August, and they agreed to dissolve. On August 8, 1902, while plaintiff was at the place of business, the sheriff of this county appeared and took possession of the stock and assets by virtue of an execution issued out of the city court of the city of New York upon a judgment rendered in that court in an action in which Ch. Weitzman, one of the defendants herein, was plaintiff, and Nathan

Tuchner (also a defendant herein) and the plaintiff herein were defendants. The property was advertised for sale by the sheriff, but the sale was stayed by one of the justices of the city court of the city of New York by a stay contained in an order to show cause, obtained by the plaintiff herein, why the judgment should not be set aside, and the defendant Green allowed to come in and defend. Pending a decision of said motion an agreement was made between the attorneys for Weitzman, the plaintiff in that action, and the plaintiff, Green, one of the defendants in that action, by which the stay was vacated and the sale allowed to proceed; the proceeds thereof to be held by the sheriff pending a trial of said action in the city court; the defendant (in that action) Green having been allowed to defend the same. An answer has been served by Green in the city court action, and the same is now at issue and on the calendar for trial. At the execution sale Weitzman, one of the defendants herein, became the purchaser of most of the property, although some of it was purchased by outside parties. The plaintiff, Green, attended the sale and bid upon some of the property, but was outbid by other purchasers.

The plaintiff claims that the action in the city court of the city of New York was commenced and judgment entered and execution issued pursuant to a conspiracy between Tuchner, his partner, and the defendant Weitzman, by which Tuchner was to obtain possession of the business and oust the plaintiff by using Weitzman as a cloak, and that the business has since been carried on by Tuchner, and that Weitzman has had no part in it. It is also claimed that the alleged debt of the firm to Weitzman, upon which the judgment was obtained, was fictitious and had no existence in fact, and that the firm was not indebted to Weitzman for borrowed money, or upon any account whatsoever. If these facts were undisputed, the plaintiff would certainly be entitled to the relief here prayed for; but the defendants' papers disclose a state of facts which are practically undenied, and which put a very different aspect upon the matter. It is shown, and not disputed, that, although the manufacturing part of the business was carried on actively from April to August, few, if any, goods were sold. The expenses were paid, consisting of rent, wages, drawings by the partners, gas, materials, etc., and they all appear to have been met in some way. Weitzman swears, and it is not denied, that a part of his loans were made directly to the plaintiff Green, and that some of the advances were made to Tuchner in Green's presence, and were made upon the statement that the money was absolutely necessary in the business. Green, the plaintiff, after learning of the judgment and execution, went to the office of Weitzman's attorney, and agreed upon terms of settlement of the same, and paid $35 on account of the judgment, and made no claim that it was not a valid judgment, notwithstanding the fact that he had not been served with process. Green's attorney entered into a stipulation in the city court action vacating the stay, and allowing the copartnership assets to be sold under the execution issued upon the judgment, which he now claims was the result of a conspiracy, and he attended the sale and bid upon some of the property. I think

the preponderance of evidence shows that the business has, since the sale, been owned and carried on by Weitzman, although he may have employed Tuchner, who was a practical worker, whereas Weitzman was not. The plaintiff is perhaps entitled to a dissolution of the copartnership and an accounting of the assets, if any; and, if he can convince the court of the facts set forth in his complaint, he may receive his share of the proceeds of sale of the assets now in the hands of the sheriff; but he fails entirely to make out a case entitling him to an injunction pendente lite, and no present necessity exists for the appointment of a receiver.

Motion to continue injunction denied, with $10 costs, and temporary injunction contained in order to show cause dissolved; and the motion for receiver is denied, with leave to renew if necessary. Ordered accordingly.